UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD STOWELL,

    Plaintiff and Counter-Defendant,

vs.

JPMORGAN CHASE BANK, N.A.,

    Defendant and Counter-Plaintiff.
_____/

Case No.: 09-12367
Judge Anna Diggs Taylor
Magistrate Judge

## JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT AND TO AMEND COUNTERCLAIM AGAINST PLAINTIFF AND COUNTER-DEFENDANT <u>TODD STOWELL</u>

Pursuant to Fed.R.Civ.P. 15 and 56, defendant and counter-plaintiff JPMorgan Chase Bank, N.A. ("Chase") hereby moves for summary judgment and to amend its counterclaim against plaintiff and counter-defendant Todd Stowell.

The grounds for this motion are stated in the accompanying declaration brief, declaration and exhibits.

The concurrence of counsel for plaintiff and counter-defendant was requested, and was denied.

WHEREFORE, for the reasons sets forth above, Chase requests that the Court grant the following relief:

    a.    Enter judgment against Mr. Stowell for breach of contract;

    b.    Award damages to Chase in the amount of $151,434.05, against Mr. Stowell;

  c. Award Chase additional interest accruing after October 30, 2009, as provided by law and the parties' contracts, against Mr. Stowell, and hold that such interest continue to accrue until the judgment is paid in full;

  d. Hold that Chase is entitled to recover its costs and reasonably attorney fees expended to pursue this action with the amount to be determined after Chase's submission of a bill of costs and resolution of any objections to Chase's submission;

  e. Hold that the complaint is amended to include the amounts due under the 2004 Loan from Chase to Small Plates Detroit, L.L.C. as part of Chase's claims against Mr. Stowell; and

  f. Grant Chase such other relief as the Court deems appropriate under the circumstances.

         Respectfully submitted,

         WALTON & DONNELLY, P.C.

         /s/ Jonathan T. Walton, Jr.
         Jonathan T. Walton, Jr. (P32969)
         1550 Buhl Building
         535 Griswold Street
         Detroit, MI 48226
         (313) 963-8989
         jonathan.walton@waltondonnelly.com
         Attorneys for Defendant and
Dated: November 18, 2009     Counter-Plaintiff, JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD STOWELL,

    Plaintiff and Counter-Defendant,      Case No.: 09-12367
                                              Judge Anna Diggs Taylor
vs.                                                  Magistrate Judge

JPMORGAN CHASE BANK, N.A.,

    Defendant and Counter-Plaintiff.
_____/

**BRIEF IS SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT AND TO AMEND COUNTERCLAIM AGAINST PLAINTIFF AND COUNTER-DEFENDANT TODD STOWELL**

                                      WALTON & DONNELLY, P.C.
                                      By: Jonathan T. Walton, Jr. (P32969)
                                           Laura S. Donnelly (P48933)
                                      1550 Buhl Building
                                      535 Griswold Street
                                      Detroit, MI 48226
                                      (313) 963-8989
                                      jonathan.walton@waltondonnelly.com
                                      Attorneys for Defendant and Counter-Plaintiff
                                      JPMorgan Chase Bank, N.A.

Dated: November 18, 2009

## ISSUES PRESENTED

1. Whether the Court should grant summary judgment in favor of JPMorgan Chase Bank, N.A. ("Chase") against Todd Stowell, where Mr. Stowell signed a written guaranty of two commercial loans made by Chase, that guaranty remains in effect, and the principal borrower has defaulted on the loans?

    Chase answers "YES."

    Mr. Stowell answers "NO."

2. Whether the Court should allow Chase to amend its complaint to conform to the evidence that Mr. Stowell guaranteed two commercial loans that are in default?

    Chase answers "YES."

    Mr. Stowell answers "NO."

## **TABLE OF AUTHORITY**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242; 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)................................3

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 323; 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)................................3

*FDIC v Hershiser Signature Properties*,
    777 F Supp 539, 540 (ED Mich 1991).................................................................4

*Moore v. Philip Morris Co.*,
    8 F.3d 335; 339-40 (6th Cir. 1993)........................................................................3

*Security Trust v Solomon*,
    241 Mich 52, 54; 216 NW 405, 406 (1927)..........................................................5

*Sentry Ins v Lardner Elevator Co*,
    153 Mich App 317, 326; 395 NW2d 31, 35 (1986).............................................5

**Rules of Procedure**

Fed.R.Civ.P. 56……………………………………………..………………….…3

Fed.R.Civ.P. 56(e)…………………………………………..……………………3

Fed.R.Civ.P. 15(b). …………………………………………..……………….…5

## **TABLE OF CONTENTS**

ISSUES PRESENTED..................................................................................................................ii

TABLE OF AUTHORITIES ...................................................................................................... iii

TABLE OF CONTENTS............................................................................................................. iv

I.     INTRODUCTION ...........................................................................................................1

II.    STATEMENT OF FACTS ..............................................................................................1

III.   ARGUMENT OF LAW...................................................................................................3

    A.   Chase is entitled to summary judgment against Mr. Stowell pursuant to
        Fed.R.Civ.P. 56…………………………………………………………………….3

        1.   The standard for granting summary judgment pursuant to Fed.R.Civ.P. 56. ..3

        2.   Chase has presented documentary evidence establishing a *prima facie*
            case for breach of contract for money loaned...............................................4

        3.   Chase has presented documentary evidence establishing a *prima facie*
            case against Mr. Stowell as guarantor..........................................................4

        4.   Chase's Damages Are Undisputed................................................................4

        5.   Chase is entitled by law to recover its costs and reasonable attorney
            fees as provided in the parties' contract.......................................................4

        6.   Chase Should be Granted Leave to Amend its Complaint. ..........................5

IV.    CONCLUSION…………………………………………………..………………..…..6

## I. INTRODUCTION

JPMorgan Chase Bank, N.A. ("Chase") is entitled to summary judgment against Todd Stowell ("Stowell") on Chase's counterclaim that Mr. Stowell is liable to repay the loans Chase made to Small Plates Detroit, LLC ("SPD"). Mr. Stowell has admitted that he guaranteed SPD's loans. His only defense is a claimed release of his guaranty. That issue is addressed in Chase's response to Stowell's motion for summary judgment. As set forth therein, Mr. Stowell's fraudulent misrepresentations bar him from claiming a release, and Mr. Stowell's motion should be denied. The other side of the coin is that because SPD's loans are in default and have been accelerated, Mr. Stowell is liable to repay Chase in full.

## II. STATEMENT OF FACTS

This action arose out of two business loans (collectively, the "Loans" and singularly the "2002 Loan" and the "2004 Loan") made by Chase to SPD. Chase, SPD and Mr. Stowell entered into several contracts (the "Loan Documents"), pursuant to which Chase loaned money and/or extended credit to SPD. Among those contracts are the following:

    a.    A Business Loan Agreement (the "Loan Agreement") dated August 21, 2002. A copy of the Loan Agreement is attached hereto as **Exhibit 1** and its terms are incorporated herein by reference.

    b.    A Promissory Note (the "2002 Note") dated August 21, 2002, executed by SPD in favor of Chase, in the principal amount of $308,300. A copy of the Note is attached hereto as **Exhibit 2** and its terms are incorporated herein by reference. The 2002 Note evidences and states the terms of SPD's obligation to repay the 2002 Loan.

    c.    A Promissory Note (the "2004 Note") dated November 24, 2004, executed by SPD in favor of Chase, in the principal amount of $41,000. A copy of the 2004 Note is

attached hereto as **Exhibit 3** and its terms are incorporated herein by reference. The 2004 Note evidences and states the terms of SPD's obligation to repay the 2004 Loan.

        d.    A Commercial Guaranty (the "Guaranty") of SPD' liabilities owed to Chase, executed by Stowell, dated August 21, 2002. Under the Guaranty, Stowell is personally liable to repay all debs and obligations of SPD owed to Chase.[1] A copy of the Guaranty is attached hereto as **Exhibit 4** and its terms are incorporated herein by reference.

Pursuant to the Loan Documents, Chase made the 2002 Loan and the 2004 Loan to SPD as consideration for SPD's and Stowell's promises to pay according to the terms of their contracts. As a consequence, SPD and Stowell became indebted to Chase.

SPD defaulted on its obligations under the Loan Documents by, among other things, failing to pay Chase the monthly payments the Loan Documents specified. *See*, Declaration of Katherine K. Monk (the "Monk Decl."), attached hereto as **Exhibit 5**, at ¶ 3. Pursuant to the Loan Documents, the full amounts of the debts were accelerated as a result of this default, and became immediately due and payable to Chase. *See*, Notice of acceleration attached hereto as **Exhibit 6**. In spite of Chase's demand, the Loans were not paid in full and remain in default.

As of October 30, 2009, the amount due on the 2002 Loan was $142,526.39 and the amount due on the 2004 Loan was $8,907.64. Interest continues to accrue on those debts, and pursuant to the Loan Documents, SPD is also obligated to pay Chase's costs of collection, including reasonable attorney fees.

---

[1] SPD as the borrower, and individual guarantors in addition to Mr. Stowell, are all liable to Chase. Chase reserves the right to pursue its remedies against all of them, through either their joinder in this case or in a separate action.

2

## III. ARGUMENT OF LAW

A. <u>Chase is entitled to summary judgment against Mr. Stowell pursuant to Fed.R.Civ.P. 56.</u>

1. **The standard for granting summary judgment pursuant to Fed.R.Civ.P. 56.**

Chase brings this motion pursuant to Fed.R.Civ.P. 56, which provides for entry of judgment when there is "no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." There is no genuine issue of material fact for trial unless, by viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242; 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which establish the absence of a material issue of fact (i.e., establishing a *prima facie* case). *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must demonstrate specific facts establishing that there is genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322-24. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *Moore v. Philip Morris Co.*, 8 F.3d 335; 339-40 (6th Cir. 1993).

In this case, Chase is entitled to judgment as a matter of law because: (i) Chase has submitted documentary evidence of facts sufficient to support its claim for money loaned to the borrower, SPD; (ii) Chase has submitted documentary evidence of facts sufficient to support its claim against Mr. Stowell, as guarantor; and (iii) none of the facts on which Chase relies in support of either claim are in genuine dispute.

3

2. **Chase has presented documentary evidence establishing a *prima facie* case for breach of contract for money loaned.**

Chase has alleged a cause of action for breach of contract against Mr. Stowell and has supported each one of its allegations with documentary evidence. Mr. Stowell's obligation to Chase has been shown by the Loan Documents, including his Guaranty, and by the Monk Declaration. Mr. Stowell's nonperformance has been shown by the Monk Declaration. The Monk Declaration establishes the fact and the extent of Chase's injury and establishes that Mr. Stowell's breach of contract is the proximate cause of that injury.

3. **Chase has presented documentary evidence establishing a *prima facie* case against Mr. Stowell as guarantor.**

Liability under a guaranty is established upon a showing that: (1) the party to be held liable executed the guaranty; and (2) the obligation guarantied has been defaulted upon. *See, e.g., FDIC v Hershiser Signature Properties*, 777 F Supp 539, 540 (ED Mich 1991). As to the first requirement of *Hershiser*—execution of the instrument--Mr. Stowell does not dispute he entered into the Guaranty. The Monk Declaration has established that SPD defaulted upon the subject loans, as discussed above, thereby satisfying the second requirement of *Hershiser*. Thus, Chase has established a *prima facie* case for liability under *Hershiser*.

4. **Chase's Damages Are Undisputed.**

The Monk Declaration establishes Chase's damages for principal and interest owed on the Loans. These amounts are beyond dispute.

5. **Chase is entitled by law to recover its costs and reasonable attorney fees as provided in the parties' contract.**

The parties' contracts provide that Mr. Stowell is liable to Chase for its costs of collection, including reasonable attorney fees, until the loan balances are paid in full. See Business Loan Agreement (**Exhibit 1**) at p. 4; the 2004 Note (**Exhibit 2**) at p. 3 of 6; the 2004

4

Note (**Exhibit 3**) at pp. 2-3 and Mr. Stowell's Guaranty (**Exhibit 4**) at p. 2. The 2002 Note, for example, includes the following contractual provision for costs and attorney fees:

> LENDER'S GENERAL POWERS:
>
> Without notice and without Borrower's consent, Lender may;
>
> \* \* \*
>
> Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental redemption costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;....

The 2002 Note (**Exhibit 2**) at p. 3 of 6. It is well-established that a contractual provision for costs and reasonable attorney fees is enforceable under Michigan law. *See, e.g., Security Trust v Solomon*, 241 Mich 52, 54; 216 NW 405, 406 (1927) (citations omitted); *Sentry Ins v Lardner Elevator Co*, 153 Mich App 317, 326; 395 NW2d 31, 35 (1986) (citations omitted). If the Court allows this relief, Chase will submit a bill of costs detailing its attorney fees and other expenditures to pursue this matter.

**6.    Chase Should be Granted Leave to Amend its Complaint.**

When Chase's counterclaim was prepared, the 2004 Loan was not included as a result of oversight. Mr. Stowell cannot dispute the 2004 Loan, or claim any prejudice or surprise. Indeed, he signed the 2004 Note. **Exhibit 3**.

Under Fed.R.Civ.P. 15(b), the pleadings may be amended to conform to the evidence. Moreover, leave to amend should be freely granted. Fed.R.Civ.P. 15(a)(2). Chase should be permitted to amend in order pursue all claims against Mr. Stowell in this action in the interest of judicial economy.

5

## IV. CONCLUSION

For the reasons sets forth above, Chase requests that the Court grant the following relief:

    a.    Enter judgment against Mr. Stowell for breach of contract;

    b.    Award damages to Chase in the amount of $151,434.05, against Mr. Stowell;

    c.    Award Chase additional interest accruing after October 30, 2009, as provided by law and the parties' contracts, against Mr. Stowell, and hold that such interest continue to accrue until the judgment is paid in full;

    d.    Hold that Chase is entitled to recover its costs and reasonably attorney fees expended to pursue this action; and

    e.    Amend to complaint to include amounts due under the 2004 Loan in Chase's claims against Mr. Stowell.

    f.    Grant Chase such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    WALTON & DONNELLY, P.C.

    /s/ Jonathan T. Walton, Jr.
    Jonathan T. Walton, Jr. (P32969)
    Laura S. Donnelly (P48933)
    1550 Buhl Building
    535 Griswold Street
    Detroit, MI 48226
    (313) 963-8989
    jonathan.walton@waltondonnelly.com

Dated: November 18, 2009    Attorneys for Defendant/Counter-Plaintiff, JPMorgan Chase Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2009 I filed the foregoing paper using the ECF system, which sent notice of filing to all counsel of record.

> /s/ Jonathan T. Walton, Jr.
> Jonathan T. Walton, Jr. (P32969)
> Laura S. Donnelly (P48933)
> 535 Griswold St., Ste. 1550
> Detroit, MI 48226
> (313) 963-8989
> jonathan.walton@waltondonnelly.com
> Attorneys for Defendant and
> Counter-Plaintiff, JPMorgan Chase Bank, N.A.

7